UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT GOODWIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:13-cv-00234-JAW |
| | ) | |
| BILL CLARK, *et als.*, | ) | |
| | ) | |
| Defendants | ) | |

## AMENDED RECOMMENDED DECISION ON MOTIONS FOR SUMMARY JUDGMENT AND ORDER ON "MOTION CHALLENGING QUALIFICATIONS"[1]

In this action, Plaintiff Robert Goodwin seeks to recover for damages allegedly caused by the conduct of Defendants Hancock County Sheriff Bill Clark, Maine Drug Enforcement Agency Agent Troy Bires, and Assistant Attorney General Pat Larson in connection Defendants' efforts to recover contraband that Plaintiff attempted to hide in his body.

The matter is before the Court on the Motions for Summary Judgment of Defendant Clark (ECF No. 39) and Defendants Bires and Larson (ECF No. 42). Plaintiff has not opposed the Motions for Summary Judgment in accordance with Local Rule 56 but, instead, has filed a motion challenging (a) the warrant that lead to the hospital x-ray that disclosed the presence of hidden drugs and (b) Defendants' decision to detain Plaintiff at the county jail until he passed the drugs.

---

[1] The original Recommended Decision and Order is amended to reflect in section D that Defendants Bires and Larson, rather than Defendant Clark, responded to Plaintiff's Motion Challenging Qualifications.

("Motion Challenging Qualification," ECF No. 47.) As explained below, it is recommended that the Court grant Defendants' motions. In addition, Plaintiff's motion is denied.[2]

## FACTS

As part of their summary judgment submissions, Defendants filed statements of material fact in support of their respective motions. Plaintiff has not opposed any of the factual assertions contained in these statements. Pursuant to Local Rule 56(f), facts contained in a statement of material facts "shall be deemed admitted unless properly controverted," if the facts in question are "supported by record citations." Based on Defendants' statements and the record materials cited in support thereof, including Plaintiff's deposition testimony, the written deposition answers of Defendants Bires and Larson, the affidavit of Defendant Clark, and the subject search warrant, the following facts are established for purposes of summary judgment.

On November 25, 2010, Thanksgiving Day, Plaintiff acquired between 16 and 18 grams of heroin in Bangor, Maine, and later placed the drugs in his rectum prior to being stopped by police. During the stop of a motor vehicle in which Plaintiff was traveling, a drug-detection canine reportedly detected drugs on Plaintiff. With this information, law enforcement obtained a warrant for a hospital x-ray and Defendant Bires, an agent with the Maine Drug Enforcement Agency (MDEA), transported Plaintiff to the hospital. (Clark's Statement of Material Facts ¶¶ 1-11; Bires and Larson's Statement of Material Facts ¶¶ 3, 5-9.)

The x-ray revealed that Plaintiff had drugs in his body, and Defendant Bires accompanied Plaintiff to the Hancock County Jail, where Plaintiff remained until he passed the drugs with the assistance of laxatives. At the jail, Plaintiff was placed in a secure holding cell, which consisted

---

[2] The Court referred the motions. Because Defendants' motions for summary judgment are dispositive, they are addressed by a report and recommended decision. Plaintiff's motion is a preliminary, non-dispositive motion. Plaintiff's motion, therefore, is addressed through an order.

of a small room with a glass door and two sets of windows. Defendant Bires, Corey Bagley, and Shawn Wardwell, all MDEA personnel, watched Plaintiff, who remained fully clothed while he was in the cell. When Plaintiff indicated that he was ready to pass the contraband, Defendant Bires retrieved a metal trash can lined with a plastic bag, which was provided to Plaintiff in the booking area cell. Defendant Bires also provided Plaintiff with a blanket to cover himself while passing the contraband. Plaintiff then lowered his pants, sat on the trash can, and passed the heroin. Because he had his head down, Plaintiff does not know whether anyone observed him. (Clark's Statement ¶¶ 12-23; Bires and Larson's Statement ¶¶ 10-16.)

Defendant William Clark is the Sheriff of Hancock County. Defendant Clark did not have any involvement, either by participation, direction, or direct supervision, in the events that occurred on November 25, 2010. In fact, Defendant Clark was not at the Jail on November 25, 2010. (Clark's Statement ¶¶ 26-28.)

Defendant Patrick Larson is an Assistant Attorney General who prosecutes drug offenses. Defendant Larson was not present at the Jail when Plaintiff was there and had no supervisory authority over anyone who was present. In addition, Defendant Larson was not in charge of the agents who arrested Plaintiff. (Bires and Larson's Statement ¶¶ 4, 18-19.)

Plaintiff is serving a nine-year sentence for heroin and aggravated trafficking at the Maine State Prison. (Clark's Statement ¶ 25; Bires and Larson's Statement ¶ 1.) Although the Hancock County Jail maintains a prison grievance policy that includes final review by the Maine Department of Corrections, Plaintiff did not file a grievance. (Clark's Statement ¶¶ 24, 29-33.)

## DISCUSSION

**A.     Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir.1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Hannon v. Beard*, 645 F.3d 45, 47-48 (1st Cir. 2011).  If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, there exists a trial-worthy controversy and summary judgment must be denied as to the supported claims.  Unsupported claims are properly dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

**B.     Defendant Clark's Motion for Summary Judgment**

Defendant Clark argues that he is entitled to summary judgment because the undisputed facts establish that he was not involved, either directly or in a supervisory capacity, in the conduct about which Plaintiff complains, that no constitutional violation occurred, and that the process adopted by and location selected by Defendant Bires to recover the contraband were not directed by a municipal custom, policy, or practice.  (Clark's Motion for Summary Judgment at 3-6.)

Defendant Clark also argues that Plaintiff failed to exhaust the applicable prison administrative remedies before commencing this action. (*Id.* at 7.)

The record demonstrates that Defendant Clark was not involved in the incident, and that he did not engage, in his supervisory role, in conduct that could be construed as encouragement, condonation, acquiescence, or gross negligence amounting to deliberate indifference, which conduct is a necessary prerequisite to liability. *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 47 (1st Cir. 2012). Indeed, the record lacks any evidence of supervisory involvement.

Futhermore, even if Plaintiff's claim against Defendant Clark is liberally interpreted to include a municipal liability claim against Hancock County, Plaintiff's claim fails. To prevail on such a claim, Plaintiff must demonstrate that the alleged conduct was the product of a municipal custom, policy, or practice. *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 10 (1st Cir. 2002). Plaintiff has not presented any evidence that could support such a claim. Defendant Clark, therefore, is entitled to summary judgment regardless of whether the factual record could be construed to support a constitutional violation.[3]

## C. Defendants Bires and Larson's Motion for Summary Judgment

Defendant Larson contends that he is entitled to summary judgment because the uncontroverted facts prove that he was not involved, directly or in a supervisory role, in the process by which Defendant Bires recovered the contraband. (Bires and Larson's Motion for Summary Judgment at 1, 3-5.) Because Plaintiff has failed to present any evidence from which a reasonable

---

[3] Defendant Clark's exhaustion argument would not, at this stage of the proceedings, support the entry of judgment in his favor. The Prison Litigation Reform Act requires a prisoner to exhaust available administrative remedies before initiating a formal court action. In particular, the Act provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). When Plaintiff filed this action on June 20, 2013, Plaintiff identified the Maine State Prison as his location. While Plaintiff was in custody at the time of the alleged improper conduct, the current record does not conclusively establish that Plaintiff was an "inmate" for purposes of the "Inmate Grievances" Policy (ECF No. 40-3) when he was subject to the seizure that involved the drug-passing incident.

fact finder could conclude that Defendant Larson was involved in the alleged wrongful conduct, consistent with the analysis set forth above, Defendant Larson is entitled to summary judgment.

Defendant Bires also argues that he is entitled to summary judgment. More specifically, Defendant Bires maintains that the facts do not support a finding that he committed a constitutional violation. (*Id.* at 1, 5-8.) Although the record would plainly support a determination that Defendant Bires was involved in the adoption and implementation of the process by which Plaintiff passed the contraband, the record would not support a conclusion that Defendant Bires's conduct constituted a violation of Plaintiff's constitutional rights.

Plaintiff's claim is in essence that Defendant Bires violated Plaintiff's right under the Fourth Amendment to be free from an unreasonable search and seizure. Because "there is no mechanical way to determine whether intrusions on . . . privacy are reasonable," the "need for a particular search must be balanced against the resulting invasion of personal rights." *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 132 S. Ct. 1510, 1516 (2012). "Human dignity and privacy" are valid concerns, *Schmerber v. California*, 384 U.S. 757, 770 (1966).

The undisputed facts establish that when he passed the contraband, Plaintiff was by himself in an enclosed space with a blanket to shield his lower body from view. Although a fact finder could conclude that individuals other than those necessary to observe Plaintiff pass the drugs could possibly witness Plaintiff through the windows in the room, the record contains no evidence to suggest that other inmates or any members of the public actually observed Plaintiff as he passed the drugs.

Simply stated, given the uncontroverted fact that contraband was known to be present in Plaintiff's body at the time law enforcement maintained Plaintiff in custody in order to pass the drugs, a fact finder could not reasonably conclude that the process constituted an unreasonable

6

search or seizure. *Parker v. Hill*, 911 F.2d 738 (9th Cir. 1990) ("Parker asserts that he was deprived of his constitutional right to privacy when Hill refused to close a bathroom door and stood watching him defecate. This assertion does not provide an arguable basis in law or in fact for a constitutional claim.") (unpublished). Indeed, the facts represent no greater privacy intrusion than a strip and body-cavity search that is based on probable cause. A cavity search based on probable cause to believe that contraband is hidden in a body cavity is reasonable under the Fourth Amendment.[4] *Swain v. Spinney*, 117 F.3d 1, 7 (1st Cir. 1997) (holding that such searches "must be justified by at least a reasonable suspicion that the arrestee is concealing contraband or weapons"). Because the process does not constitute a constitutional deprivation, Defendant Bires is entitled to summary judgment.

**D.     Plaintiff's Motion Challenging Qualifications**

In response to the motions for summary judgment, Plaintiff filed a document captioned "dispositive motion challenging lack of qualification." (ECF No. 47.) In this motion, Plaintiff asserts (1) that he cannot read the name of the justice of the peace who signed the warrant to search him by means of x-ray and (2) that Defendant Bires did not "sign this warrant supporting the affidavits." (*Id.*) In response to the motion, Defendants Bires and Larson identify the justice of the peace, and correctly argue that Defendant Bires was not required to sign the warrant. (Response, ECF No. 48.) Plaintiff's motion fails to generate any issue that would prevent the entry of summary judgment in favor of the Defendants, and does not assert a basis for granting Plaintiff any form of relief. Plaintiff's motion, therefore, is denied.

---

[4] Plaintiff complains that he should have been placed in an inner cell in his underwear and observed steadily by officers whose "eyes are never taken off you," until he passed the contraband into a dry toilet. (Goodwin Dep. at 36-37, ECF No. 41.)

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant the motions for summary judgment of Defendant Clark (ECF No. 39) and Defendants Bires and Larson (ECF No. 42). Plaintiff's motion challenging qualifications (ECF No. 47) is denied.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Any objection to the portion of this Order denying Plaintiff's motion challenging qualifications shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

May 15, 2014