UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ROBERT GOODWIN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00234-JAW |
| | ) | |
| BILL CLARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE AMENDED RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Robert Goodwin, an inmate at the Maine State Prison serving a nine year sentence for heroin trafficking, filed this lawsuit under 42 U.S.C. § 1983, alleging that three law enforcement officials violated his rights under the Fourth Amendment of the United States Constitution when they required him to pass contraband into a metal trash can in the secure holding area of the Hancock County Jail. The Magistrate Judge considered the merits of Mr. Goodwin's claims and recommended that summary judgment issue in favor of all Defendants. The Court, after de novo review of the Recommended Decision and Mr. Goodwin's objection, adopts the Recommended Decision.

The Court separately addresses the somewhat tangled procedural state of this case and the merits of Mr. Goodwin's objection to the Recommended Decision. The Court also grants the motion by Defendants Troy Bires and Patrick Larson to strike Mr. Goodwin's own late-filed motion for summary judgment against them,

and sua sponte, strikes Mr. Goodwin's separate, late-filed motion for summary judgment against Defendant Bill Clark.

## I. LEGAL STANDARD

The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## II. FACTUAL BACKGROUND[1]

On November 25, 2010, Thanksgiving Day, Mr. Goodwin acquired between 16 and 18 grams of heroin in Bangor, Maine, and later placed the drugs in his rectum before being stopped by police. *Am. Recommended Decision on Mots. for Summ. J. and Order on "Mot. Challenging Qualifications"* at 2 (ECF No. 51) (*Rec. Dec.*). During the stop of a motor vehicle in which Mr. Goodwin was travelling, a drug-detection canine reportedly detected drugs on Mr. Goodwin. *Id.* With this information, law enforcement officers obtained a warrant for a hospital x-ray. *Id.* Troy Bires, an agent with the Maine Drug Enforcement Agency (MDEA), transported Mr. Goodwin to the hospital. *Id.*

The x-ray revealed that Mr. Goodwin had drugs in his body. *Id.* Agent Bires accompanied Mr. Goodwin to the Hancock County Jail, where Mr. Goodwin remained until he passed the drugs with the assistance of laxatives. *Id.* At the jail,

---

[1] These facts are based on the statement of facts submitted by the Defendants and recited in the Recommended Decision. *See Am. Recommended Decision on Mots. for Summ. J. and Order on "Mot. Challenging Qualifications"* (ECF No. 51) (*Rec. Dec.*). Mr. Goodwin presents certain additional facts in his two motions for summary judgment, which the Court addresses below.

2

Mr. Goodwin was placed in a secure holding cell, which consisted of a small room with a glass door and two sets of windows. *Id*. at 2-3. Agent Bires, Corey Bagley, and Shawn Wardwell, all MDEA personnel, watched Mr. Goodwin, who remained fully clothed while he was in the cell. *Id*. at 3. When Mr. Goodwin indicated that he was ready to pass the contraband, Agent Bires retrieved a metal trash can lined with a plastic bag, which he provided to Mr. Goodwin in the booking area cell. *Id*. Agent Bires also provided Mr. Goodwin with a blanket to cover himself while passing the contraband. *Id*. Mr. Goodwin then lowered his pants, sat on the trash can, and passed the heroin. *Id*. Because he had his head down, Mr. Goodwin does not know whether anyone observed him. *Id*.

Defendant William Clark is the Sheriff of Hancock County. *Id*. Sheriff Clark did not have any on-site involvement, by participation, direction, or direct supervision, in the events that occurred on November 25, 2010. *Id*. In fact, Sheriff Clark was not at the jail on November 25, 2010. *Id*.

Defendant Patrick Larson is an Assistant Attorney General who prosecutes drug offenses. *Id*. Attorney Larson was not present at the jail when Mr. Goodwin was there and had no supervisory authority over anyone present. *Id*. In addition, Attorney Larson was not in charge of the agents who arrested Mr. Goodwin. *Id*.

Mr. Goodwin is serving a nine-year sentence for heroin and aggravated trafficking at the Maine State Prison. *Id*. Although the Hancock County Jail maintains a prison grievance policy that includes final review by the Maine Department of Corrections, Mr. Goodwin did not file a grievance. *Id*.

## III. PROCEDURAL POSTURE

Mr. Goodwin filed a civil complaint in this Court on June 20, 2013. *Compl.* (ECF No. 1). Sheriff Clark answered on August 15, 2013, *Def. William Clark's Answer and Affirmative Defenses* (ECF No. 14), and Agent Bires and Attorney Larson answered on September 4, 2013. *Answer of Defs. Troy Bires and Patrick Larson* (ECF No. 17). The following day, the Magistrate Judge issued a scheduling order. *Scheduling Order* (ECF No. 18) (Sept. 5, 2013). This Order set a deadline of February 6, 2014 to complete discovery and February 27, 2014 to file all dispositive motions. *Id.* at 2. On February 5, 2014, the Magistrate Judge extended the discovery deadline to March 6, 2014 and the dispositive motion deadline to March 27, 2014. *Report of Tel. Conference and Order* (ECF No. 38).

On March 27, 2014, all three Defendants filed motions for summary judgment. *Def. Clark's Mot. for Summ. J.* (ECF No. 39); *Mot. for Summ. J. by Defs. Troy Bires and Patrick Larson* (ECF No. 42). Each Defendant also filed a statement of material facts, in compliance with District of Maine Local Rule 56(b). *Def. Clark's Statement of Material Facts* (ECF No. 40); *Statement of Material Facts by Defs. Troy Bires and Patrick Larson* (ECF No. 43).

Mr. Goodwin did not move for a further extension of the pretrial deadlines. However, on the day of the deadline for dispositive motions, Mr. Goodwin filed a document, dated March 24, 2014, entitled *Challenges to Lack of Qualifications of Supporting Memoranda (the Warrant)* (ECF No. 44). On April 21, 2014, he filed a document entitled *Dispositive Motion Challenging Lack of Qualification* (ECF No. 47) (*Qualification Challenge*). On April 23, 2014, Agent Bires and Attorney Larson

4

filed an opposition brief to the Qualification Challenge. *Resp. to Pl.'s "Dispositive Mot. Challenging Lack of Qualification" by Defs. Troy Bires and Patrick Larson* (ECF No. 48).

On May 14, 2014, the Magistrate Judge issued a recommended decision on the motions for summary judgment, *Recommended Decision on Mots. for Summ. J. and Order on "Mot. Challenging Qualifications"* (ECF No. 49), which he amended the next day.[2] *Rec. Dec.* Mr. Goodwin filed an objection to the Recommended Decision on May 23, 2014. *Mot. to Object* (ECF No. 52) (*Objection*). Also on May 23, 2014, he filed two documents purporting to be motions for summary judgment, along with two statements of material facts. *Pl. Goodwin's Mot. for Summ. J.* (ECF No. 53) (*First Goodwin Mot.*); *Pl. Goodwin's Statement of Material Facts* (ECF No. 54); *Pl. Goodwin's Mot. for Summ. J.* (ECF No. 55) (*Second Goodwin Mot.*); *Pl. Goodwin's Statement of Material Facts* (ECF No. 56).

Agent Bires and Attorney Larson filed a response to Mr. Goodwin's objection on June 4, 2014, *Resp. to Pl.'s "Mot. to Object" to Report and Rec. Dec. by Defs. Troy Bires and Patrick Larson* (ECF No. 58), and Sheriff Clark filed his response on June 6, 2014. *Def. Clark's Resp. to Pl.'s Objection to Rec. Dec.* (ECF No. 59). Shortly thereafter, Agent Bires and Attorney Larson also moved to strike the Second Goodwin Motion.[3] *Mot. to Strike Pl.'s Late Mot. for Summ. J. by Defs. Troy Bires*

---

[2] The amended order amended section D of the Magistrate Judge's May 14, 2014 Recommended Decision to clarify that Defendants Bires and Larson, rather than Defendant Clark, responded to the Plaintiff's Motion Challenging Qualifications. *Rec. Dec.* at 1 n.1.
[3] As noted above, Mr. Goodwin filed two purported motions for summary judgment. *See First Goodwin Mot.* and *Second Goodwin Mot.* However, Agent Bires and Attorney Larson's motion to

5

*and Patrick Larson* (ECF No. 60) (*Mot. to Strike*) (June 9, 2014). On June 12, 2014, Mr. Goodwin filed a reply to Agent Bires and Attorney Larson's response to his objection to the Recommended Decision. *Pl.'s Resp. to Defs. Troy Bires and Patrick Larson's Resp. to Pl.'s (Mot. to Object) to Report and Rec. Dec.* (ECF No. 62) (*Pl.'s Reply*).

On June 16, 2014—over one month after the Magistrate Judge issued his Recommended Decision, and approximately three weeks after Mr. Goodwin filed an objection to that decision—Mr. Goodwin moved for an enlargement of time in which to respond to Sheriff Clark's motion for summary judgment. *Pl.'s Mot. to Extend Time for Filing Opp'n to Def. William Clark's Summ. J.* (ECF No. 63). The Magistrate Judge immediately denied that motion as moot, as his Recommended Decision on the motions for summary judgment had been on the docket for over a month. *Order* (ECF No. 65) (June 16, 2014). Meanwhile, Sheriff Clark had moved for and was granted an extension of time to respond to one of Mr. Goodwin's motions (which the Magistrate Judge had not yet addressed).[4] *Def. William Clark's Mot. for Enlargement of Time Within Which to Oppose Pl.'s Mot. for Summ. J.* (ECF No. 61) (June 9, 2014); *Order* (ECF No. 64) (June 16, 2014). The Magistrate Judge ordered the responses to Mr. Goodwin's two motions for summary judgment due

---

strike relates specifically to the Second Goodwin Motion. *Mot. to Strike* at 1 ("Defendants Troy Bires and Patrick Larson move to strike Mr. Goodwin's May 23, 2014 summary judgment motion (ECF No[.] 55)").

[4] Although Sheriff Clark's motion for enlargement of time does not specifically state which of Mr. Goodwin's two motions he wished to respond to, the Court assumes he was referring to the First Goodwin Motion.

6

twenty-one days after the Court ruled on the Recommended Decision. *Order* (ECF No. 64).

On June 18, 2014, Mr. Goodwin filed a response in opposition to the motion by Agent Bires and Attorney Larson to strike the Second Goodwin Motion. *Pl.'s Objection to the Defs.' Mot. to Strike Pl.'s Mot. for Summ. J.* (ECF No. 66). On June 23, 2014, Agent Bires and Attorney Larson replied to Mr. Goodwin's opposition. *Reply to Pl.'s Opp'n to Mot. to Strike Pl.'s Mot. for Summ. J. by Defs. Troy Bires and Patrick Larson* (ECF No. 68).

Before the Court are (1) the motion by Agent Bires and Attorney Larson to strike the Second Goodwin Motion; and (2) Mr. Goodwin's objection to the Recommended Decision.

## IV. THE MOTION TO STRIKE MR. GOODWIN'S MOTION FOR SUMMARY JUDGMENT

Mr. Goodwin was nearly two months late in filing his motions for summary judgment. The deadline for dispositive motions was March 27, 2014 and Mr. Goodwin did not file his motions for summary judgment until May 23, 2014. Mr. Goodwin may have intended his motions for summary judgment to be oppositions to the Defendants' motions; however, any such opposition would have been due twenty-one days after the filing of each Defendant's motion for summary judgment, D. ME. LOC. R. 7(b), or by April 17, 2014. Thus, even construed as oppositions rather than as motions, his May 23, 2014 filings were untimely.

Mr. Goodwin explains that this delay was the result of his late receipt of the Defendants' depositions:

7

> The deadline for filing all dispositive motions . . . was moved by the Court on 2-4-2014 from February-27-2014 to March-27-2014. It was also on 2-4-2014 that the Court ordered the Defendants to give there Depositions to the Plaintiff in writing.
>
> But in fact these Depositions were not received by the Plaintiff until March 27-2014 and April-1-2014. It was at this time the [] Plaintiff starting putting together his list of material facts and motions for Summary Judgment. It would of been impossible for the Plaintiff to put together a list of material facts and Summary Judgments without the facts from the Defendants Court ordered Depositions. The Plaintiffs motions for Summary Judgments could have been done in a more fashionable time frame if in fact the proper information had been provided by the Defendants.

*Pl.'s Reply* at 1-2 (spelling and punctuation as in original). This all may be true, but none of it explains why, after receiving the Defendants' depositions by April 1, 2014, Mr. Goodwin was unable to timely file an opposition to the motions for summary judgment by April 22, 2014 or move for an enlargement of time to do so. Alternatively, Mr. Goodwin could have moved for an enlargement of time before March 27, 2014, on the ground that he wanted to file his own motion for summary judgment but had not received the depositions; nothing in the Magistrate Judge's report of the February 5, 2014 telephone conference suggests that he foreclosed further motions for enlargement of time. *See Report of Tel. Conference and Order*. However, Mr. Goodwin chose not to ask the Magistrate Judge for any more time. Mr. Goodwin's failure to request more time to prepare before the deadlines passed is inexplicable, and fatal to his untimely-filed motion for summary judgment.[5]

---

[5] In his objection to the Recommended Decision, Mr. Goodwin states that he "was not aware of any time lines to complete motions' for summary Judgment." *Objection* at 1 (spelling and punctuation as in original). This is a surprising statement, given that Mr. Goodwin participated in the telephone conference in which the Magistrate Judge extended the deadline for filing motions for summary judgment to March 27, 2014. *See Report of Tel. Conference and Order* at 1-2. Although the

Although Sheriff Clark has not filed a motion to strike the motion for summary judgment directed at him, both of Mr. Goodwin's motions were filed on the same day and any reason to strike one applies just as well to the other. The Court strikes the motion for summary judgment against Agent Bires and Attorney Larson on their motion and the motion for summary judgment against Sheriff Clark, sua sponte.[6] Furthermore, the Court explains below why Mr. Goodwin's motions for summary judgment, construed as oppositions to the Defendants' motions, would fail on their merits.

## V. MR. GOODWIN'S OBJECTION TO THE RECOMMENDED DECISION

### A. The Recommended Decision

The Magistrate Judge recommended that the Court grant Sheriff Clark's motion for summary judgment because the Sheriff was not involved in the incident and did not, in his role as a supervisor, engage in conduct that would give rise to liability. *Rec. Dec.* at 5. He also found that there could be no municipal liability claim against Hancock County itself, because the wrong that Mr. Goodwin alleges was not the product of a municipal custom, policy, or practice. *Id.*

The Magistrate Judge also recommended that summary judgment issue in favor of Attorney Larson and Agent Bires. *Id.* at 5-7. He reasoned that Attorney

---

Court is sensitive to the difficulties of conducting pro se civil litigation from prison, "a litigant's 'pro se status [does not] absolve him from compliance with the Federal Rules of Civil Procedure' . . . [or] a district court's procedural rules." *FDIC v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994) (quoting *United States v. Heller*, 957 F.2d 26, 31 (1st Cir. 1992)).

[6] For Mr. Goodwin's benefit, this means that the Court acted on its own initiative. BLACK'S LAW DICTIONARY 1560 (9th ed. 2009). To explain, even though Sheriff Clark has not moved to strike Mr. Goodwin's motion for summary judgment, the Court's ruling on the Bires / Larson motion to strike would be equally applicable to Sheriff Clark. From the Court's perspective, it makes sense not to require Sheriff Clark to file a motion, and instead, to grant the relief that would be granted if he did so.

9

Larson, much like Sheriff Clark, was not involved in the incident, and therefore, did not engage in conduct that would give rise to liability. *Id.* at 5-6. In addition, he concluded that Agent Bires did not violate Mr. Goodwin's Fourth Amendment rights because there was no evidence to support a finding that any "other inmates or any members of the public actually observed" Mr. Goodwin while he was passing the contraband. *Id.* at 6. The Magistrate Judge also noted that the facts of the case "represent no greater privacy intrusion than a strip and body-cavity search that is based on probable cause," which has been held to be reasonable under the Fourth Amendment. *Id.* at 7 (citing *Swain v. Spinney*, 117 F.3d 1, 7 (1st Cir. 1997)).

### B. Mr. Goodwin's Objection

Mr. Goodwin's one-page objection is limited to the Magistrate Judge's finding that he had not opposed the Defendants' motions for summary judgment. *Objection* at 1. However, the Court has concluded that Mr. Goodwin has provided no good excuse for failing to oppose the motions for summary judgment on a timely basis. Section IV, *supra.*

Furthermore, Mr. Goodwin does not identify any other "portions of the report or specified proposed findings or recommendations," 28 U.S.C. § 636(b)(1), with which he takes issue. In the interest of completeness, however, the Court addresses the merits of the two motions for summary judgment that Mr. Goodwin filed on the same day as his objection.

### C. Mr. Goodwin's Motion Regarding Sheriff Clark

In his first motion for summary judgment, directed at Sheriff Clark, Mr. Goodwin argues that after he was booked into the jail on the morning of November

25, 2010, "everything pertaining to him should have been done by the Jail staff." *First Goodwin Mot.* at 2. In his view, it was improper for MDEA agents to monitor him in the secure holding cell while he passed the contraband. *Id.* He also argues that he should have been placed "in HD1 in a cell with a flushable drain." *Id.* He cites the deposition responses of two members of the prison staff, who say that it is typical to place someone into a "HD1" cell to pass contraband. *Id.* (citing *Additional Attachs.* Attach. 2 *Howard's Answers to Pl.'s Dep.* ¶¶ 4, 6 (ECF No. 57) (*Howard Dep.*) and *Additional Attachs.* Attach. 3 *McCarty's Answers to Pl.'s Dep.* ¶¶ 4, 6 (ECF No. 57) (*McCarty Dep.*)).[7] Mr. Goodwin characterizes this as an "unjustified procedure" and a violation of his "right to due process" and his Fourth Amendment rights. *Id.* at 3. He also assigns constitutional liability to Sheriff Clark because "[h]e has an office down stairs [sic] from the jail, which should allow him to be able to know of situations that arise." *Id.*

Even if Mr. Goodwin is correct that the Hancock County Jail's normal procedure is to place an inmate into one of three particular cells when he must pass contraband, *McCarty Dep.* ¶ 4, Mr. Goodwin has not demonstrated how using the secure holding cell in the booking area would work a constitutional deprivation. *See First Goodwin Mot.* at 2-3. Likewise, he has not explained why the presence of MDEA agents, which is apparently unusual in the Hancock County Jail when an

---

[7] Although Mr. Goodwin has focused on the fact that he was not placed in a "HD1" cell, Ms. McCarty stated in one of her deposition responses that inmates who are under a "contraband watch" may be placed "in HD 1, 2 or 3" cells. *McCarty Dep.* ¶ 4. According to both Ms. McCarty and Mr. Howard, Mr. Goodwin was held in a HD 3 cell while under watch. *McCarty Dep.* ¶ 11; *Howard Dep.* ¶ 11.

11

inmate needs to pass contraband, *Howard Dep.* ¶ 5; *McCarty Dep.* ¶ 5, somehow amounts to a constitutional violation. *See First Goodwin Mot.* at 2-3. A minor deviation from standard operating procedure, on its own, hardly amounts to a violation of the Fourth, Fifth, or Fourteenth Amendments of the United States Constitution. Mr. Goodwin has not illuminated why this particular departure caused any harm to him, and has not addressed the Magistrate Judge's conclusion that the circumstances under which he passed the heroin were well within the bounds of "reasonableness" prescribed by the Fourth Amendment. *Rec. Dec.* at 6-7.

Furthermore, even assuming the search were unreasonable (which, on the summary judgment record, it was not), the proximity of Sheriff Clark's office to the booking area, *First Goodwin Mot.* at 3, does not address the Magistrate Judge's conclusion that the Sheriff did not engage in "conduct that could be construed as encouragement, condonation, acquiescence, or gross negligence amounting to deliberate indifference." *Rec. Dec.* at 5 (citing *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 47 (1st Cir. 2012)).

Mr. Goodwin's motion for summary judgment against Sheriff Clark, even construed as part of his objection to the Recommended Decision, does not demonstrate that Sheriff Clark committed any constitutional wrong against Mr. Goodwin.

### D. Mr. Goodwin's Motion Regarding Agent Bires and Attorney Larson

Mr. Goodwin's second motion for summary judgment, directed at Agent Bires and Attorney Larson, does not link Attorney Larson to this incident at all.[8] *See Second Goodwin Mot.* at 1-3. As for Agent Bires, Mr. Goodwin argues that:

> Robert Goodwin was booked into the Jail starting at 9:50 AM and was completed at 10:16 AM. In Troy Bires Deposition he stated that at 10:16 Goodwin was at the Sheriff's office being interviewed. That was impossible the records clearly show Goodwin's booking times. Also Troy Bires stated in his Deposition that Goodwin could not be booked into the Jail until the Heroin was identified by an x-ray. But in fact this x-ray was not done until after 6:00 PM. around 8 and half hours after MR. Goodwin was booked into the Jail.
>
> So from these statements made by Troy Bires it seems that Robert Goodwin was illegally booked into the jail on November-25-2010. there for everything done to MR. Goodwin was after 10:16 AM on November /25/2010 was done illegally, Including the passage of contraband watch, and also acquiring the Heroin.

*Id.* at 2 (spelling and punctuation as in original).

Mr. Goodwin appears to be arguing that the police lacked probable cause to detain him before they obtained a warrant. However, a plaintiff under § 1983 may not prevail on a theory of the case that would necessarily invalidate an earlier criminal conviction:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

---

[8] Mr. Goodwin notes he "is unable to [a]cquire the evidence needed against Patrick Larson unless this matter was to go to [t]rial, and at that time [he] believes that the connection of M[r]. Larson would be revealed." *Second Goodwin Mot.* at 3.

corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original). To the extent Mr. Goodwin is now arguing that the police lacked probable cause to detain him before the x-ray, that argument is foreclosed by *Heck*. If, however, he is simply arguing that the jail did not follow its own standard operating procedure, such a deviation would not give rise to a constitutional wrong absent some demonstration of concrete harm to Mr. Goodwin. *See* Section V.C, *supra*.

Mr. Goodwin's second motion for summary judgment also repeats most of the arguments he made in his first motion against Sheriff Clark, *see Second Goodwin Mot.* at 2-3; the Court has already considered and rejected these arguments. Section V.C, *supra*. In sum, even construing Mr. Goodwin's second motion for summary judgment as an element of his objection, the Court concludes that the Recommended Decision was correct as to both Agent Bires and Attorney Larson.

VI. **CONCLUSION**

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; it has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and it concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and discussed above.

14

The Court:

(1) STRIKES Mr. Goodwin's first Motion for Summary Judgment (ECF No. 53);

(2) STRIKES Mr. Goodwin's second Motion for Summary Judgment (ECF No. 55);

(3) GRANTS Agent Bires and Attorney Larson's Motion to Strike Motion for Summary Judgment (ECF No. 60);

(4) OVERRULES Mr. Goodwin's objection to the Recommended Decision (ECF No. 52);

(5) AFFIRMS the Amended Recommended Decision (ECF No. 51);

(6) GRANTS Sheriff Clark's Motion for Summary Judgment (ECF No. 39); and

(7) GRANTS Agent Bires and Attorney Larson's Motion for Summary Judgment (ECF No. 42).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2014